KEVIN F. QUINN, Esq. (SBN 106224)
JARRETT S. CHARO, Esq. (SBN 224001)
THORSNES BARTOLOTTA MCGUIRE LLP
2550 Fifth Avenue, 11th Floor
San Diego, CA 92103
Tel: (619) 236-9363 Fax: (619) 236-9653

Attorneys for Plaintiff C.S., a minor, by and through her Guardian, Nicole Southern

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., a minor, by and through her Guardian, NICOLE SOUTHERN, <br><br>Plaintiff, <br><br>v. <br><br>UNITED STATES OF AMERICA and DOES 1 through 50, Inclusive, <br><br>Defendants. | Case No.: **'20CV1284 CAB MDD** <br><br>**COMPLAINT FOR MEDICAL NEGLIGENCE** |

1.  Nicole Southern, the mother and guardian of minor C.S., brings this complaint against the UNITED STATES OF AMERICA ("United States" or "Defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C. section 1346(b) on behalf of C.S.

2.  C.S. complied with the claim filing requirements imposed by the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. having filed the required administrative claim with the United States and the United States denying such claim.

3.  C.S. alleges the following on information and belief unless otherwise indicated:

1

## INTRODUCTION

4. This action seeks recovery for the permanent hearing loss and other damages C.S. sustained when staff employed by the United States at Naval Medical Center San Diego negligently ruptured C.S.'s ear drum during a botched attempt to remove a foreign body from C.S.'s ear.

## PARTIES

5. Nicole Southern is the mother and legal guardian of C.S., a minor who, at the time of the acts and omissions alleged herein, was under the age of three years. Pursuant to Federal Rule of Civil Procedure 17(c)(1)(A), Nicole Southern brings this action on behalf of C.S.

6. Defendant United States is sued for C.S.'s personal injuries caused by the negligent and/or wrongful acts and/or omissions of its employees at Naval Medical Center San Diego ("Naval Medical Center") who were acting within the course and scope of their office or employment under circumstances where the United States, if a private person, would be liable to C.S. in accordance with the laws of the State of California.

7. Naval Medical Center is a health care facility located in the County of San Diego, State of California that is operated by the Department of the Navy and an agency or instrumentality of the United States. At all times herein, the physicians, nurses, corpsmen, and other health care providers at Naval Medical Center who treated C.S. were the agents, servants, representatives, and employees of the United States and/or the conduct of such health care providers was ratified and approved by Naval Medical Center and/or the United States.

8. The true names and capacities –whether individual, corporate, associate, partnership, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are unknown to C.S. C.S. therefore sues such defendants by the fictitious name of DOES 1 through 50, inclusive. The full extent of the facts linking such fictitiously sued defendants is unknown to C.S.  C.S. is informed and believes, and thereon

alleges, that each of the defendants designated herein as DOE 1 through DOE 50 was, and is, negligently, or in some other actionable manner, responsible in some manner for the injuries and events alleged herein, and negligently, or in some other actionable manner, legally and proximately caused the injuries and damages to C.S. described herein, and is jointly and severally liable to C.S. She will seek leave of Court to amend this Complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

9. Each of the defendants, including DOE 1 through DOE 50, was the representative, agent, employee, joint-venturer, or alter ego of the other defendants, and in doing the things alleged herein was at all times acting within the course and scope of said agency and employment, and each defendant has ratified and approved the acts of the remaining defendants. All subsequent references in this Complaint to "Defendant" or "United States" shall mean and include DOE 1 through DOE 50.

## JURISDICTION AND VENUE

10. Under 28 U.S.C. §1346(b)(1) and the Federal Tort Claims Act, this Court has exclusive jurisdiction over the United States and the allegations and claims against United States.

11. Under 28 U.S.C. §1376, this Court has supplemental jurisdiction over (a) any DOE defendant who was not an agent, servant, representative, instrumentality or employee of United States, and (b) the allegations and claims against any DOE defendant who was not an agent, servant, representative, instrumentality or employee of United States.

12. Under 28 U.S.C. §1367, this Court has supplemental jurisdiction to decide issues of California law that may be presented in this Complaint and this action.

13. The Southern District of California is the appropriate venue under 28 U.S.C. §1391(e) because a substantial part of the events or omissions giving rise to C.S.'s claims occurred in the Southern District of California.

# FACTS

14. On August 1, 2017, employees of the United States at Naval Medical Center attempted to remove a foreign object that had entered C.S.'s right ear. In so doing, these employees failed to use the level of skill, knowledge, and care in examining, diagnosing, treating, and caring for C.S. that other reasonably careful medical professionals would use in the same or similar circumstances.

15. Such failures included, without limitation, having unqualified and improperly trained corpsmen employed by the United States make multiple attempts to remove the foreign object by placing instruments inside of C.S.'s ear canal while C.S. was flailing around and while the corpsmen attempted to restrain C.S. with their own bodyweight. Such corpsmen made these attempts without administering C.S. a sedative or anesthetic and persisted in attempting to remove the object without obtaining the assistance of a qualified physician.

16. Due to their lack of care, knowledge, training, qualifications, and skill, the corpsmen caused a near total perforation of C.S.'s right eardrum and damaged bones within C.S.'s right ear during the attempted foreign object removal. As a result, C.S. experienced, and still experiences, a loss of hearing in C.S.'s right ear.

17. As a further result of Defendant's negligence, C.S. has had to undergo various procedures and a surgical repair of her eardrum. This surgical repair has not been successful and, as indicated above, C.S. still suffers from hearing loss in her right ear that is likely permanent.

18. To help minimize the impact of C.S.'s hearing loss, C.S. has been required, and continues to require, hearing aids and other adaptive devices, special training, education, accommodations, modifications, therapy, and assistance, all to her special damage.

19. As an additional result of Defendant's negligence, C.S. has undergone—and in the future will have to continue to undergo—surgeries, audiological treatments, hearing aid fittings, repairs, and maintenance, as well as other medical procedures.

1  Accordingly, C.S. has incurred, and will continue to incur, medical and related
2  incidental expenses, all to her special damage.

3  20. As an additional result of Defendant's negligence, C.S. has suffered—
4  and continues to suffer—speech and language delays, emotional harm, and post-
5  traumatic stress disorder, for which she has required, and continues to require,
6  treatment, therapy, modifications, training, assistance, and specialized schooling, all to
7  her special damage.

8  21. As an additional result of Defendant's negligence, C.S. has sustained
9  diminished future employment prospects and earnings capacity, all to her special
10  damage.

11  22. As an additional result of Defendant's negligence, C.S. has sustained
12  pain and suffering, loss of enjoyment of life, disfigurement, physical impairment,
13  inconvenience, grief, anxiety, humiliation, emotional distress, as well as past and
14  future social and scholastic limitations.

15  23. C.S. does not presently know the reasonable value of the damages
16  described above and therefore prays for leave to amend this Complaint to set forth the
17  true amount of said losses when the same has been ascertained, or will prove the same
18  at the time of trial.

19  24. Defendant's above-described negligence was a substantial factor in
20  causing all of C.S.'s injuries and damages as described herein.

## FIRST CAUSE OF ACTION
*(Medical Negligence – Alleged by C.S. Against Defendant)*

23  25. C.S. re-alleges, and incorporates by reference, each and every allegation
24  contained above as though fully set forth herein.

25  26. As C.S.'s healthcare provider, Defendant had a duty to properly examine,
26  diagnose, treat, monitor, and care for C.S. in a manner consistent with the applicable
27  standard of care.
28  ///

27. As detailed above, Defendant failed to use the level of skill, knowledge, and care in examining, diagnosing, treating, and caring for C.S. that other reasonably careful medical professionals would use in the same or similar circumstances.

28. As also detailed above, such failures were a substantial factor in, and thus a direct and proximate cause of, C.S.'s injuries and damages described herein—including the near total perforation of C.S.'s eardrum, bones in her ear, and the likely permanent loss of hearing in C.S.'s ear.

## **PRAYER FOR RELIEF**

Wherefore, C.S. prays for judgment against Defendant as follows:

1. For special damages, in an amount to be proven at the time of trial, including, but not limited to, past and future: Medical expenses—including expenses for the cost of hearing aids and other adaptive equipment; Expenses for therapy and counseling; Expenses for specialized schooling, training, assistances, and modifications; Other past and future costs incurred for the care, treatment, and assistance of C.S.; and all other items of C.S.'s economic damages;

2. For general damages in an amount to be proven at the time of trial;

3. For pre judgment interest according to proof;

4. For costs of suit herein incurred; and

5. For such other and further relief as the Court may deem just and proper.

Dated: July 8, 2020                          THORSNES BARTOLOTTA McGUIRE LLP

By: s/ Jarrett S. Charo
    _____
    Kevin F. Quinn
    Jarrett S. Charo
    Attorneys for Plaintiff

    C.S., a minor, by and through her Guardian, Nicole Southern